UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
                                    :
PAMELA L. RANEY,                    :
                                    :       CASE NO. 5:20-cv-1488
                                    :
      Plaintiff,                    :
                                    :
vs.                                 :       OPINION AND ORDER
                                    :       [Resolving Doc. 19]
COMMISSIONER OF                     :
SOCIAL SECURITY,                    :
                                    :
      Defendant.                    :
                                    :
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On July 7, 2020, Plaintiff Pamela Raney filed for judicial review of Defendant Commissioner of Social Security's decision denying Plaintiff Period of Disability and Disability Insurance Benefits under the Social Security Act.[1] The Court referred the matter to Magistrate Judge Jonathan D. Greenberg.

On April 29, 2021, Magistrate Judge Greenberg issued a Report and Recommendation ("R&R") finding that the ALJ who heard Plaintiff Raney's claim failed to properly cite medical evidence supporting the low weight he assigned to a physical therapist and nurse practitioner's shared opinion that was favorable to Plaintiff Raney.[2] Magistrate Judge Greenberg accordingly recommended that this Court vacate and remand the Commissioner's for full consideration of the relevant medical evidence.[3]

---

[1] Doc. 1; Doc. 19.
[2] Doc. 19 at 27–30.
[3] *Id.*

Case No. 5:20-cv-1488
Gwin, J.

The Federal Magistrates Act requires a district court to conduct a *de novo* review of only those portions of an R&R to which the parties have made an objection.[4] Where a party does not object to the R&R, a district court may adopt it without review.[5]

Here, Magistrate Judge Greenberg's R&R required any objections to be filed by May 13, 2021.[6] To date, no party has filed R&R objections or requested any extension of time to do so.

Examining the ALJ decision under review, the Court agrees that the ALJ failed to properly identify the medical evidence he relied upon in assigning little weight to the February 27, 2019 Cleveland Clinic Rehabilitation and Sports Therapy Functional Capacity Evaluation performed by Physical Therapist Cecez and later endorsed by Nurse Practitioner Patterson. The ALJ's failure to cite the medical evidence underlying his conclusion does not "allow the [reviewing] court to trace the path of his reasoning," as required by Sixth Circuit precedent.[7] This omission requires a remand.

Accordingly, in light of the Commissioner's decision not to object to the R&R in this case, the Court **ADOPTS** Magistrate Judge Greenberg's R&R, incorporates it as if fully restated herein, and **VACATES** and **REMANDS** the Commissioner's decision.

IT IS SO ORDERED.

Dated: June 21, 2021             *s/ James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 636(b)(1).
[5] *See Thomas*, 474 U.S. at 149–50.
[6] *Id.* at 34 (citing 28 U.S.C. § 636(b)(1)).
[7] *Weiss v. Comm'r of Soc. Sec.*, 1:19-cv-2633, 2021 WL 388772, at *2 (N.D. Ohio Feb. 4, 2021) (citing *Stacy v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011)).